IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARTHA BATCHELOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:12-CV-908-WKW |
| ) | [WO] |
| PFIZER, INC., ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Martha Batchelor filed this action to recover damages for injuries she suffered after taking the prescription drug depot medroxyprogesterone acetate, better known as Depo Provera. Defendant Pfizer, Inc., which manufactures and distributes the drug, moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the court will strike Plaintiff's complaint, with leave to replead, and deny Defendant's motion as moot.

**I. JURISDICTION AND VENUE**

The court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Personal jurisdiction and venue are uncontested.

**II. FACTUAL BACKGROUND**

Plaintiff's complaint is as remarkable for what it does not allege as for what it does. Plaintiff alleges she was prescribed and took Depo Provera. She alleges

Defendant manufactured and distributed the drug.  She alleges the drug causes or increases the risk of bone density loss and associated medical complications.  She alleges Defendant is liable to her for damages, that it breached a duty owed to her, that it violated provisions of federal law, and that it breached an implied warranty.

Plaintiff does not allege that she suffered bone density loss, only that she "suffered serious injuries." (Doc. # 1 ¶ 25.)  Plaintiff alleges Defendant breached a duty it owed Plaintiff, but she does not identify what act or omission of Defendant breached that duty.  Plaintiff does not identify what provision of the Federal Food, Drug, and Cosmetic Act ("the Act") Defendant violated or what act or omission constituted a violation.[1]  Plaintiff does not allege when she took Depo Provera – whether before or after the Food and Drug Administration required Defendant to place a Black Box Warning on Depo Provera's label warning of risks of bone density loss.

### III. DISCUSSION

District courts have the inherent authority to strike complaints and require plaintiffs to replead.  *Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996); *see also Byrne v. Nezhat*, 261 F.3d 1075, 1129–31 (11th Cir. 2001) (encouraging district courts to strike pleadings containing insufficient factual

---

[1] The Act spans from 21 U.S.C. § 301 to § 399f.

allegations pursuant to Federal Rule of Civil Procedure 12(f)(1)), *abrogated on other grounds by Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146 (11th Cir. 2011). After review of Defendant's motion and Plaintiff's complaint, the court elects to exercise that authority here.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff alleges six causes of action and requests punitive damages. As Defendant correctly observes, the complaint consists of little more than "[t]hreadbare recitals of the elements of a cause of action" and unadorned accusations. *Iqbal*, 556 U.S. at 678. At least once, it fails to identify a proper cause of action.

For example, Plaintiff alleges a "strict liability" claim. (Doc. # 1 ¶¶ 18–21.) But Alabama has not adopted a no-fault concept of products liability and has instead retained a fault-based system known as the Alabama Extended Manufacturers'

3

Liability Doctrine ("AEMLD"). *See generally Atkins v. Am. Motors Corp.*, 335 So. 2d 134 (Ala. 1976), *Casrell v. Altec Indus., Inc.*, 335 So. 2d 128 (Ala. 1976) (announcing the AEMLD). The AEMLD is Alabama's "judicially created accommodation" avoiding the doctrine of strict liability, which is applicable in products liability cases in other jurisdictions.[2] *Wyeth, Inc. v. Weeks*, ___ So. 3d ___, 2013 WL 135753, at *3 (Ala. Jan. 11, 2013) (quotations omitted).

Even if the court treats Plaintiff's so-called "strict liability" claim as one arising under the AEMLD and alleging that Defendant violated its duty to warn – as Plaintiff's response suggests – that claim suffers fatal deficiencies. Under Alabama law, a pharmaceutical manufacturer's duty to warn does not extend beyond warning the prescribing physician:

> A prescription-drug manufacturer fulfills its duty to warn the ultimate users of the risks of its product by providing adequate warnings to the learned intermediaries who prescribe the drug. Once that duty is fulfilled, the manufacturer has no further duty to warn the patient directly. However, if the warning to the learned intermediary is inadequate or misrepresents the risk, the manufacturer remains liable for the injuries sustained by the patient.

*Id.* at *19.

---

[2] The practical difference between the AEMLD and strict liability is that the former allows certain affirmative defenses not countenanced in a no-fault system. *Atkins*, 335 So. 2d at 137; *see also Bodie v. Purdue Pharma Co.*, 236 F. App'x 511, 517 n.9 (11th Cir. 2007) (comparing the AEMLD with negligence and strict liability theories).

As Defendant points out, Plaintiff has pleaded no facts supporting liability under the learned intermediary doctrine. She has not pleaded that Defendant failed to warn her physician(s). She has not pleaded that the warning issued to her physicians, if any, was inadequate or misrepresented the risk. Instead, Plaintiff continues to insist Defendant is liable because it failed to warn *her*. (Doc. # 15 at 6 ("Plaintiff has alleged that she was not warned properly of the bone loss and deterioration issues associated with injections of Defendant's product, Depo-Provera. . . . Defendant failed to warn Plaintiff of the dangers of its product, and plaintiff suffered damages because of it.").) Defendant had no duty to warn Plaintiff, only to warn her physicians adequately and honestly, and Plaintiff offers no factual allegations to support the theory that there was an inadequate or dishonest warning. *See Bailey v. Janssen Pharmaceutica, Inc.*, 288 F. App'x 597, 609 n.13 (11th Cir. 2008) (affirming dismissal of strict liability claim for failure to warn under Florida's learned intermediary doctrine where complaint did not recite contents of warning label available or describe how it was inadequate).

Furthermore, the court has great difficulty analyzing – and Defendant has great difficulty responding to – Plaintiff's claims without knowing when Plaintiff took the drug, in light of the Black Box Warning. Plaintiff says in her response that she started taking it as early as 1995, nine years before the warning in 2004, but that

factual allegation is one of several missing from the complaint. The court cannot assess the adequacy of the warning to Plaintiff's physician without knowing what – if any – warning appeared. *Id.*

As for Plaintiff's negligence, negligence per se, and breach of implied warranty of merchantability claims, the complaint's shotgun style makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996); *see also Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (criticizing shotgun pleadings, where each count incorporates by reference allegations made in the earlier sections, and encouraging repleading of such claims). The shotgun pleading alone authorizes the court to exercise its discretion to strike the complaint.

But as Defendant observes, those claims are also bereft of supporting factual allegations. In Count II, Plaintiff's claim of negligence asserts, "Defendant breached its duty and is guilty of negligent acts and/or omissions," without identifying what Defendant's duty was or what act or omission constituted a breach.[3] (Doc. # 1 ¶ 24.)

---

[3] If Plaintiff's claim is based on a negligent failure to warn, Plaintiff's allegation that she took Depo Provera and then suffered a serious harm also identified as a risk of Depo Provera will not alone support her failure to warn claim. *See Reed v. Pfizer, Inc.*, 839 F. Supp. 2d 571, 576–77 (E.D. N.Y. 2012) ("If such allegations were sufficient to state a failure to warn claim, then anyone experiencing harm after using a product where the harm is a warned-of risk could successfully plead a claim.").

Count III's negligence per se claim states Plaintiff's legal conclusion that Defendant violated the Act, but does not identify the provision Defendant allegedly violated or say what constituted a violation. (*See* Doc. # 1 ¶ 28 ("Defendant violated the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301, et seq.").) And in her claim alleging violation of an implied warranty of merchantability, Plaintiff does not identify what made Depo Provera unmerchantable, leaving the court to assume her theory is that the risk of bone density loss does so. *See* Ala. Code § 7-2-314(1) (implying warranties of merchantability in a sale of goods by a merchant); *DaimlerChrysler Corp. v. Morrow*, 895 So. 2d 861, 864 (11th Cir. 2004) (recognizing a right of action for a violation of an implied warranty of merchantability). A case cannot rest on the court's assumptions about a party's theory of liability. Plaintiff has pleaded no facts that make plausible the notion that Depo Provera was not fit for its intended purpose of preventing pregnancy.

### IV.  CONCLUSION

Accordingly, it is ORDERED that Plaintiff's complaint is STRICKEN pursuant to the court's inherent authority and its authority under Rule 12(f)(1). The court GRANTS Plaintiff leave to replead with supporting factual allegations **on or before August 15, 2013**. Failure to file a timely and compliant amended complaint will result in dismissal.

Because Plaintiff's complaint is stricken, it is further ORDERED that Defendant's Motion to Dismiss (Doc. # 7) is DENIED as moot.

DONE this 25th day of July, 2013.

                                                  /s/ W. Keith Watkins
                                    CHIEF UNITED STATES DISTRICT JUDGE